PER CURIAM.
 

 James F. Robinson, former husband, timely appeals a final judgment of dissolution of marriage. While Robinson challenges the judgment on a number of grounds, we find merit in only his challenge to the trial court’s award of attorney’s fees to the former wife and write solely to address this issue.
 

 The touchstone for the award of attorney’s fees is need and ability to pay.
 
 See
 
 § 61.16, Fla. Stat.;
 
 Von Baillou v. Von Baillou,
 
 959 So.2d 821, 823 (Fla. 4th DCA
 
 *894
 
 2007). While we leave undisturbed the trial court’s determination that former husband had the ability to pay former wife’s fees, the record before this court fails to demonstrate that former wife had the “need” for the $13,683.42 fee award.
 

 The evidence at the hearing established that former wife had incurred $13,683.42 in fees and costs for time and expenditures prior to the hearing and another $6,627.50 for the one-day hearing — a total of $20,310.92. It was undisputed that, during the pendency of the proceedings, former wife’s attorneys were paid $15,000 from the parties’ joint account. The final judgment did not address this $15,000 payment. It is clear, however, that if the total amount former wife owed her attorneys was $20,310.92 and her attorneys had already been paid $15,000, the most former wife would “need” is $5,310.92. We thus reverse the $13,683.42 fee award in favor of former wife and remand for further proceedings on this issue. The final judgment is affirmed in all other respects.
 

 Affirmed in Part; Reversed in Part; and Remanded.
 

 STEVENSON, TAYLOR and GERBER, JJ., concur.